## <ins>AFFIDAVIT IN SUPPORT OF AN APPLICATION<br>FOR A CRIMINAL COMPLAINT AND ARREST WARRANT</ins>

I, Special Agent Rocco Rauseo, being duly sworn, hereby depose and state as follows:

### INTRODUCTION

1. I am a Special Agent (SA) with the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement, Homeland Security Investigations ("HSI"). I have been employed as a Criminal Investigator/Special Agent with HSI since January 2022 and I am currently assigned to Special Agent in Charge (SAC) New England's Child Exploitation/Forensics Group located in Boston, MA. During my employment with HSI, I received six months of full-time, formalized training at the Federal Law Enforcement Training Center (FLETC) located in Glynco, GA. Prior to being employed by HSI, I held various law enforcement positions within DHS since May 2007, including Supervisory Detention and Deportation Officer and Lead Border Patrol Agent. As part of my duties, I am authorized to investigate violations of the laws of the United States, including criminal violations relating to child exploitation, child pornography, coercion and enticement, and transportation of minors, including but not limited, to violations of 18 U.S.C. §§ 2422, 2251, 2252, and 2252A. I have received training in the investigation of child pornography, child exploitation, and transportation of minors. In addition to this training, I have had the opportunity to speak with and observe several other federal, state, and local law enforcement officers who have extensive experience in child exploitation investigations. I have participated in investigations of violations of those statutes to include assistance with the execution of federal search warrants in connection with such investigations. During training and in the course of my duties I have had the

opportunity to observe and review examples of child pornography (as defined in 18 U.S.C. § 2256).

2.    I submit this affidavit in support of a criminal complaint charging Lindsay GROVES (YOB 1985) with one count of sexual exploitation of children (and attempt), in violation of 18 U.S.C. § 2251, and one count of distribution of child pornography, in violation of 18 U.S.C. § 2252A(a)(2).

3.    The statements in this affidavit are based in part on information provided by federal and state agents and law enforcement officers; written reports about this investigation that I have received, directly or indirectly, from other law enforcement agents; my personal observations; review of records; independent investigation and analysis by federal agents/analysts; and my experience, training, and background as a Special Agent with HSI.

4.    Because this affidavit is being submitted for the limited purpose of securing a complaint and arrest warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish probable cause to believe that Lindsay GROVES committed violations of 18 U.S.C. §§ 2251 and 2252A.  Where statements of others are set forth in this affidavit, they are set forth in substance and in part and not verbatim unless indicated otherwise.

## STATEMENT OF PROBABLE CAUSE

5.    On June 20, 2023, the Nashua Police Department (NPD) responded to a report that an adult (hereinafter, PERSON 1)[1] had shown child sexual abuse images to other adults. One adult (hereinafter, PERSON 2) reported that on June 20, 2023, PERSON 1 disclosed that her former intimate partner, Lindsay GROVES, sent PERSON 1 inappropriate images of

---

[1] PERSON 1, PERSON 2, and PERSON 3 are known to law enforcement.

children. According to PERSON 2, PERSON 1 then showed PERSON 2 three images, which were on PERSON 1's phone in a text conversation with a contact titled "Lindsay." Upon viewing the three images, PERSON 2 recognized them as children and that each image depicted a separate child.  PERSON 2 described each image as depicting children with their genitals exposed.

6.    The responding NPD officer interviewed another adult (hereinafter, PERSON 3), who reported that on June 16, 2023, PERSON 1 disclosed that GROVES sent her inappropriate images of children. PERSON 1 then sent PERSON 3 four images of nude children by text message, which PERSON 3 deleted. During the interview on June 20, 2023, PERSON 3 was able to recover the images to provide them to the responding NPD officer. The officer observed that the images were of naked children and also observed a text, purportedly from PERSON 1, that read, "I don't like that I have these but I wanted to show you the proof. I am not a kid pervert."

7.    NPD detectives conducted a voluntary interview with PERSON 3 on that same date, June 20, 2023, at the Nashua Police Department.  During the interview, PERSON 3 showed the four images to the detectives.  I have since reviewed the images and believe, based on my training and experience and on all of the information included in this affidavit, that they constitute child pornography. They are described as follows:[2]

    a.    *Image 1*: The image's focal point is a prepubescent child's penis; the child's face

---

[2] I am aware that the "preferred practice" in the First Circuit is that a magistrate judge view images that agents believe constitute child pornography by virtue of their lascivious exhibition of a child's genitals.  *United States v. Brunette*, 256 F.3d 14, 17-19 (1st Cir. 2001) (affiant's "legal conclusion parroting the statutory definition […] absent any descriptive support and without an independent review of the images" insufficient basis for determination of probable cause).  Here, however, the descriptions offered "convey to the magistrate more than [my] mere opinion that the images constitute child pornography."  *United States v. Burdulis*, 753 F.3d 255, 261 (1st Cir. 2014)

was not visible, but based on his size and stature, he appeared to be (conservatively) under the age of five. The child had his blue jeans pulled below his knees. The child was wearing a yellow shirt. A small portion of the photographer's hand was visible in the top left corner of the photo. The background of the image depicted a gray tiled floor. There was a white toilet and a gray stepstool visible on the left side of the image in the background.

b.   *Image 2*: The image's focal point is a prepubescent child's vaginal area; the child's face was not visible, but based on her size and stature, she appeared to be (conservatively) under the age of five. The child had her blue pants pulled below her knees. The background of the image contained gray tiled flooring.

c.   *Image 3*: The image's focal point is a prepubescent child's penis; the child's face was not visible, but based on his size and stature, he appeared to be (conservatively) under the age of five. The child's red pants and dark colored underwear were pulled below the child's knees. The photographer's black and pink shoes were visible in

(distinguishing *Brunette*).  The children described herein are conservatively estimated to be under five years old – in all events, younger than eighteen.  Furthermore, the descriptions of the files here are sufficiently specific as to the age and appearance of the alleged children as well as the nature of the "sexually explicit conduct" pictured in each file, such that the Court need not view the files to find that they depict child pornography. Specifically, in each image, the photographer (who I believe to be GROVES) is posing the child inappropriately such that she can focus the camera on each child's unclothed genitalia, and appears to be reaching towards one of the child's penises.  *See United States v. Syphers*, 426 F.3d 461, 467 (1st Cir. 2005) ("The best practice for an applicant seeking a warrant based on images of alleged child pornography is for an applicant to append the images *or provide a sufficiently specific description of the images* to enable the magistrate judge to determine independently whether they probably depict real children.") (emphasis added); *see also United States v. LaFortune*, 520 F.3d 50, 56 (1st Cir. 2008) (similarly emphasizing *Syphers* court's use of "or" in describing the *Brunette* "best practice").  Where I have included such nonconclusory, sufficiently specific descriptions, this Court need not view the imagery to find that they depict child pornography.  Nonetheless, the described imagery is available for review at the Court's request.

the bottom foreground of the image. The photographer's left ankle was visible. The photographer had what appeared to be a black star-like tattoo on the left ankle. The background of the photograph contained gray tiled floor and a white toilet.

d.    *Image 4*: The image's focal point is a prepubescent child's penis; the child's face was not visible, but based on his size and stature, he appeared to be (conservatively) under the age of five. The child's pants were pulled below his knees. The child was wearing a gray, zip-up top with dinosaurs pulled up towards the child's chest. The photographer's left hand appeared to be reaching towards the child's penis. The background of the photograph depicted gray tiled floor and a gray step-up stool.

8.    Also on June 20, 2023, NPD conducted a voluntary interview with PERSON 1 in Derry, New Hampshire. PERSON 1 reported that she was previously in an intimate relationship with GROVES. PERSON 1 also reported that GROVES is a teacher or childcare provider at Creative Minds in Tyngsborough, Massachusetts. PERSON 1 further disclosed that she received text messages from GROVES's iMessage account associated with GROVES's telephone number during the previous two weeks, which included sexually explicit images of GROVES and the four nude images of children's genitalia described above. PERSON 1 identified GROVES as the photographer of the images of the children, specifically citing an ankle tattoo and the photographer's hand visible in separate images.

9.    Based in part on the foregoing information, NPD obtained a search warrant from the Hillsborough Superior Court for GROVES's residence in Hudson, NH. Among other things, the search warrant authorized the seizure and search of electronic devices for

evidence of possession/distribution/manufacture of child sexual abuse images in violation of New Hampshire law.

10.    The search warrant was executed at approximately 2:00 a.m. on June 21, 2023, at GROVES's home in Hudson, New Hampshire. GROVES and her parents were home and were determined to be the only residents of the address. GROVES waived her rights pursuant to *Miranda* and agreed to be interviewed.  The interview was recorded and is merely summarized here.

11.    GROVES confirmed that she and PERSON 1 were previously in an intimate relationship. GROVES indicated she and PERSON 1 had a sexualized text message conversation in May/June 2022 wherein PERSON 1 asked GROVES to capture nude images of children from Creative Minds.

12.    GROVES estimated that she took multiple images of prepubescent children within a private bathroom of the center between May/June 2022 and June 2023. GROVES described the bathroom as one of the only restrooms in the facility with a full-sized door. There were other bathrooms within the center that had "half-doors" that allowed the staff to partially see into the bathroom for safety purposes.

13.    GROVES told investigators that she directed the children to pull their shirts/tops towards their heads where their vision would be obscured while their pants were pulled towards their ankles as she captured images of their genitalia with her iPhone. GROVES said she used natural bathroom breaks for the children (routine diaper/pull-up changes prior to "naptime") to capture the images. GROVES recalled capturing an image of a male child wherein PERSON 1 directed GROVES to touch the child's penis in the photograph. GROVES reported that she placed her left hand adjacent to the child's penis as she captured

the image. GROVES said she sent the images of children captured from her iPhone to PERSON 1's iPhone for PERSON 1's sexual gratification.

14. GROVES was shown a cropped version of the image described above wherein a tattoo is visible on the left ankle of an adult in the frame. She identified herself as the photographer of that image and confirmed she had the same star tattoo on her left ankle. Investigators observed a star tattoo, which appeared to match the tattoo in the photographs described above, on GROVES's left ankle.

15. During the search warrant, investigators seized an iPhone 13, an iPad, and two pairs of shoes that appeared to be the same brand, style, and color as those depicted in the photographs described above. All of these items were seized from the bedroom determined to be GROVES's exclusive bedroom.

16. On June 21, 2023, HSI obtained a federal warrant authorizing the search of the iPhone 13 and iPad seized from GROVES's residence for evidence, fruits, and instrumentalities of violations of 18 U.S.C. § 2251 and 18 U.S.C. § 2252A.  The affidavit submitted in support of that warrant is attached hereto as **Sealed Exhibit A**.

17. Preliminary forensic review of the phone revealed over 2500 texts exchanged between GROVES and PERSON 1 from June 13, 2023 to June 16, 2023.  The messages, which were all recovered from deleted space, included discussions of past sexual encounters, sharing of expenses, joint access to certain accounts, explicit descriptions of sex with each other and others, exchanges in which they professed their love for each other, and

exchanges in which they argue about their relationship.  On the last date of the recovered messages, June 16, 2023, it appears that GROVES and PERSON 1 end their relationship.

18.     The messages also included discussion about, and transfer of, explicit photographs that GROVES had taken of children at her place of employment. Messages in which GROVES distributed child pornography to PERSON 1 include the following:

a.     On or about June 13, 2023, at 2:53:58PM, GROVES sent PERSON 1 two digital images. The first photo depicted a prepubescent male child who, based on his size, stature, lack of pubic hair, and lack of development, appears to be approximately 3 to 5 years old (hereinafter MINOR 1). MINOR 1 is standing with his pants pulled down around his ankles and his shirt pulled up, exposing his genitals. The image also shows a pair of black and pink shoes along with a star tattoo on what appears to be the photographer's ankle. This photograph appears to be the same as Image 3 described in Paragraph 7c.  HSI agents confirmed with the parent of MINOR 1 that MINOR 1 is a 3-year-old child who was a student at Creative Minds.

b.     The second digital image depicted a prepubescent female child who, based on her size, stature, lack of pubic hair, and lack of development, appears to be approximately 3 to 5 years old (hereinafter MINOR 2).  MINOR 2 is standing with her pants pulled down, exposing her vaginal area. This photograph appears to be the same as Image 2 described in Paragraph 7b.  The following text exchange between GROVES and PERSON 1 ensued:

> 2:53:58PM, PERSON 1: I want to pass baby please
> 2:54:02PM, GROVES: No
> 2:54:25PM, GROVES: I took these for you today so I'm horny.
> 2:54:59PM, PERSON 1: Oh you said sexting
> 2:55:06PM, PERSON 1: Is that a little girl

2:55:15PM, GROVES: I wasn't being serious

2:55:20PM, GROVES: Yes that's a little girl

2:56:00PM, PERSON 1: i like that I would like to see more of the pussy but I like that it fucking hot

2:56:47PM, PERSON 1: Is that one of the girls we get to play with

2:58:40PM, PERSON 1: That little boy pulling up his shirt looks like

3:02:18PM, GROVES: The boy was getting a diaper on that's why his shirt is up

3:02:35PM, PERSON 1: Oh

3:02:55PM, PERSON 1: Did the girl give you an issue

3:03:25PM, GROVES: No

3:03:30PM, GROVES: The boy didn't either

c.  On or about June 14, 2023, at 2:25:20PM, GROVES sent PERSON 1 a digital image that depicted a prepubescent male child who, based on his size, stature, lack of pubic hair, and lack of development, appears to be approximately 3 to 5 years old (hereinafter MINOR 3). This photograph appears to be the same as Image 1 described in Paragraph 7a.  GROVES wrote, "I want to do this with you with one of my kids." At 2:28:11PM, PERSON 1 wrote, "I also need to be honest I mean yes that picture was hot of that little boy but you probably have gotten the picture by now that I prefer a little girls, but he is cute. I'd like to see you put your hand around his penis." At 2:28:30PM, GROVES wrote, "I took that picture a couple minutes ago."

d.  On or about June 16, the following text exchange between GROVES and PERSON 1 ensued:

6:29:51AM, PERSON 1: Oh you said you got a picture last night of one of the little boys but you didn't send it.

6:30:23AM, GROVES: I forgot.

6:30:33AM, PERSON 1: It's OK Sweet Pea

6:32:10AM, GROVES: I'm ready to do our morning call

6:33:08AM, PERSON 1: Do you still have that picture?

e.  At 6:33:35AM, GROVES sent PERSON 1 a digital image of a depicted MINOR 1 standing with his pants pulled down and shirt pulled up. An individual is reaching a hand in the direction of the child's genitalia. This photograph appears to be the same as Image 4 described in Paragraph 7d.

19.  Forensic review of the seized devices is ongoing.  As referenced above, MINOR 1 has been identified. Law enforcement is currently working to identify the other children in the images described herein.

## **CONCLUSION**

20.  Based on all of the foregoing information, I submit that there is probable cause to believe that, from on or about June 13, 2023 through on or about June 16, 2023, Lindsay GROVES:

a.  employed, used, persuaded, induced, enticed, and coerced a minor to engage in any sexually explicit conduct for the purpose of producing any visual depiction of such conduct, and attempted to do so, and knew and had reason to know that such visual depiction would be transported and transmitted using any means and facility of interstate and foreign commerce and in and affecting interstate and foreign commerce, and the visual depiction was produced and transmitted using materials that had been mailed, shipped, and transported in and affecting interstate and foreign commerce, by any means, including by computer, and the visual depiction was actually transported and transmitted using any means and facility of interstate

and foreign commerce and in and affecting interstate and foreign commerce, all in violation of Title 18 United States Code, Sections 2251(a) and (e); and

b.    knowingly distributed any child pornography, as defined in Title 18, United States Code, Section 2256(8), that had been mailed, and using any means and facility of interstate and foreign commerce shipped and transported in and affecting interstate and foreign commerce by any means, including by computer, all in violation of Title 18 United States Code Sections 2252A(a)(2) and (b)(1).

_Rocco Rauseo_
Rocco Rauseo
Special Agent, HSI

Sworn to before me telephonically in accordance with Fed. Rule Crim. P. 4.1 on this 22nd day of June 2023.

_____
Hon. DONALD L. CABELL
United States Magistrate Judge