UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v.                                                            )<br>)<br>LINDSAY GROVES                        )<br>_____) | CRIMINAL NO.: 23-CR-10202-FDS |

## MOTION TO REQUIRE DR. SCHUMACHER TO TESTIFY IN PERSON AT COMPETENCY HEARING

Lindsay Groves respectfully moves this Court to require the in-person testimony of Dr. Schumacher at the competency hearing. Virtual testimony of the government's key witness in a contested competency hearing would infringe on Ms. Groves' right to confront witnesses under 18 U.S.C. § 4247(d) and the Sixth Amendment.[1]

### PROCEDURAL BACKGROUND

On March 29, 2024, undersigned counsel moved for a competency hearing, and provided this Court with the expert report of Dr. Tina Adams who evaluated Ms. Groves and opined that she is not competent to stand trial. After receiving Dr. Adams's report, the government indicated it would like to have its own expert evaluate Ms. Groves as well. At numerous status conferences, undersigned counsel asked the government to hire a local expert to evaluate Ms. Groves while she was incarcerated at New Hampshire, instead of sending her into the Bureau of Prisons for an evaluation at a facility in Texas (where the parties thought the evaluation would be at the time). *See* Transcript of April 22, 2024 Motion Hearing at 7-8, 16; Transcript of May 1,

---

[1] Ms. Groves incorporates her prior argument set forth in her "Addendum to Defendant's Second Motion for a Hearing to Determine Competency" (D.E. #163).

1

2024 Status Conference at 10; Transcript of June 18, 2024 Status Conference at 8-9; Transcript of July 12, 2024 Status Conference at 9. Among other issues, undersigned counsel raised the concern that it would be easier for a local evaluator to testify in person at a contested competency hearing. *See* Transcript of June 18, 2024 Status Conference at 12 ("[I]f she's evaluated in Texas . . . are those people who write the report and do the observations, are those people then flown to Massachusetts to testify if there's a contested competency hearing?").

The government declined to hire a local expert and over Ms. Groves's objection, the Court committed her to the custody of the Bureau of Prisons for a competency evaluation under 18 U.S.C. § 4241(b). Ms. Groves was transferred to FDC Miami for the evaluation. On November 1, 2024 the BOP submitted a report by Dr. Lauren Schumacher which opined that Ms. Groves is competent to stand trial. Ms. Groves then filed a Second Motion for a Hearing to Determine Competency, given the differing opinions of two competing experts.[2]

Ms. Groves subsequently filed an addendum to her Second Motion for a Hearing to Determine Competency, requesting in part that the Court order Dr. Schumacher to testify in person. D.E. #163. At the January 14, 2025 status conference, the government cited Dr. Schumacher's caseload and budgetary concerns to explain its preference that she be allowed to testify over video from Miami. The Court (Cabell, J.) deferred decision on the issue, but cautioned that the default was for Dr. Schumacher to testify in person, and the Court would need briefing from the government if it planned to oppose the request for in-person testimony. The government has not filed any briefing on the matter. Ms. Groves files this motion to reiterate her request that Dr. Schumacher be required to testify in person.

---

[2] The Court (Cabell, J.) subsequently granted the motions for a competency hearing. D.E. # 165.

## ARGUMENT

Though courts have become more comfortable with virtual hearings since the onset of the Covid-19 pandemic, video testimony should not become the default mode of testimony at competency hearings absent a compelling reason to justify it. In the trial context, the Supreme Court has noted that face-to-face confrontation "contributes to the establishment of a system of criminal justice in which the perception as well as the reality of fairness prevails" because "there is something deep in human nature that regards face-to-face confrontation between accused and accuser as essential to a fair trial in a criminal prosecution." *Coy v. Iowa*, 487 U.S. 1012, 1019 (1988) (internal citation omitted). Among other purposes, face-to-face confrontation better preserves the solemnity of court proceedings, allows the factfinder to assess credibility, and ensures the remote witness is not improperly referring to documents up on their screen. *United States v. Hamilton*, 107 F.3d 499, 503 (7th Cir. 1997). Although these concerns may be lessened when the factfinder is a judge instead of a jury and the witness is a professional and not a layperson, they are nonetheless present. *Vazquez Diaz v. Commonwealth*, 487 Mass. 336, 357, 167 N.E.3d 822 (Mass. 2021.) (Kafker, J., concurring) (noting that "the subtle effects of video conferencing may alter the perception and behavior of even experienced judges and law enforcement witnesses").

The principles underlying these preferences are just as strong in a pretrial competency hearing as in a trial. The First Circuit has explicitly "not completely foreclosed the possibility that the Confrontation Clause might apply to a pretrial hearing of some sort," *United States v. Karmue*, 841 F.3d 24 (1st Cir. 2016), even though it has not thus far applied it such a context. Significantly, however, the recent cases where the First Circuit has declined to apply a confrontation right in pretrial hearings involved a *Daubert* hearing and a pre-trial judicial

3

determination of jurisdiction under the Maritime Drug Law Enforcement Act. *Karmue*, 841 F.3d 24; *United States v. Mitchell-Hunter*, 663 F.3d 45 (1st Cir. 2011). As to the later, the court noted, "in this non-trial context, *where evidence does not go to guilt or innocence*, courts have not applied the Confrontation Clause." *Mitchell-Hunter*, 663 F.3d at 53 (emphasis added). Competency hearings, in contrast, are of a greater weight than other pretrial hearings, because the evidence *does* go to guilt or innocence—one cannot be found guilty or plead guilty if incompetent. *Drope v. Missouri*, 420 U.S. 162, 171 (1975). Moreover, at a competency hearing a defendant's right to confrontation derives not only from the Sixth Amendment, but also from 18 U.S.C. § 4247(d) which dictates that "[t]he person shall be afforded an opportunity to testify, to present evidence, to subpoena witnesses on his behalf, and *to confront and cross-examine witnesses* who appear at the hearing" (emphasis added).

Even if Ms. Groves does not expressly have the same panoply of confrontation rights at a competency hearing that she would at a trial, she does at the very least have a limited right to confrontation under both § 4247(d) and the Confrontation Clause. In *United States v. Hamilton*, the Seventh Circuit analyzed the district court's decision to allow virtual testimony for a government's witnesses at a competency hearing (not a doctor, a law enforcement witness who testified on a collateral matter). 107 F.3d 499 (7th Cir. 1997). The court assumed without deciding that Sixth Amendment confrontation rights *did* apply at competency hearings, but nonetheless held that the video testimony was harmless error. *Id.* at 506. The court noted that the record showed no compelling reason of why video testimony was allowed, although noted that it found it hard to fault the magistrate judge given that the witness testified only to a collateral matter. *Id.* at 508. Even so, the court noted that "[r]egardless whether the Sixth Amendment or a

4

relaxed standard applied at the competency hearing regarding the right to confront witnesses, more than that should be required before *any* right of confrontation is abrogated." *Id.* at 508

Even if this Court applies a relaxed standard of confrontation to Ms. Groves' § 4241 hearing, the Court should not allow virtual testimony from the government's key witness absent a compelling reason specific to her case. At the recent status conference, the government cited only to Dr. Schumacher's caseload and budgetary concerns. But these concerns are present in essentially every § 4241 hearing because defendants are routinely sent to BOP facilities outside their home districts for § 4241(b) evaluations, and thus the government's experts frequently reside out of state. Routine inconvenience alone should not be enough to effectively render virtual testimony the default at hearings like competency hearings that directly affect a defendant's ability to be found guilty. As such, Ms. Groves requests that Dr. Schumacher be required to testify in person at her competency hearing.

Dated: February XX, 2025

Respectfully submitted,

LINSDAY GROVES,
By her attorneys,

*/s/ Jessica Thrall*
Jessica Thrall, BBO # 670412
Assistant Federal Public Defender

*/s/ Eliza Walker*
Eliza Walker, BBO # 708014
Research & Writing Attorney

Federal Public Defender Office
51 Sleeper Street, 5th Floor
Boston, MA 02210
Tel: 617-223-8061

## **CERTIFICATE OF SERVICE**

  I, Jessica Thrall, hereby certify that this document filed through the ECF system will be sent electronically to the registered participant(s) as identified on the Notice of Electronic Filing (NEF) on February XX, 2025.

                  */s/ Jessica Thrall*
                  Jessica Thrall